A91A1257. O'BERRY v. COOPER et al.
(413 SE2d 736)

POPE, Judge.

Defendant Edward F. O'Berry, Jr., retired in 1987 after being employed by Electrolux Corporation for over 20 years. In 1984 he moved from Oregon to North Carolina and was unemployed for several months while he waited for a position to come available with the corporation at his new place of residence. During this period he did not receive compensation from the corporation. In June of 1984, however, he received a check for $39,000 from one of the corporation's several pension accounts. When defendant retired he made a request for distribution of benefits from his retirement account. The corporation notified him that his account amounted to over $106,000 and he requested payment of the full amount minus tax withholdings. Accordingly, the corporation sent him a check dated October 29, 1987 for $92,430.97. In April 1988 auditors of the corporation's pension fund discovered defendant had been overpaid by $39,000 because the amount paid to him in 1984 had not been deducted from his account when his retirement benefits were paid. The corporation notified de-

fendant and requested reimbursement, but defendant did not respond.

Plaintiffs, the administrators of the Electrolux Corporation retirement plan, filed suit against defendant for money had and received and later amended the complaint to add a claim for fraud. The case was tried and judgment was entered on the jury verdict awarding plaintiffs $19,500. Defendant appeals.

1. Defendant first argues the trial court erred in denying his motion in limine regarding evidence that he omitted the $39,000 payment made to him in 1984 from his federal income tax return. Defendant argues such evidence is irrelevant to the case and merely served to prejudice him by implying he committed an illegal act. In defense of plaintiffs' fraud claim, defendant testified he did not know the payment was made from his pension account and that he believed the payment was possibly income. Thus, evidence that defendant did not declare the payment as income on his tax return was relevant to defendant's knowledge of the source or purpose of the payment.

2. Next, defendant argues the trial court erred in denying his motion to dismiss the amendment to the complaint which added a claim for fraud on the ground the amendment failed to state a claim for fraud. The amended complaint alleged defendant had a duty to inform plaintiffs of the overpayment he received but, instead, intentionally concealed the fact to plaintiffs' detriment. Thus, contrary to defendant's argument, the complaint states a claim pursuant to OCGA § 51-6-2 (a), which states that mere concealment of a material fact will not support an action for fraud "unless done in such a manner as to deceive and mislead . . . ."

Neither did the trial court err in denying defendant's motion for directed verdict at the conclusion of all evidence at the trial. In *Graham v. Hogan*, 185 Ga. App. 842 (366 SE2d 219) (1988), in which a law firm sued its former clients, both for money had and received and for fraud, for the clients' "failure to apprise" the firm that they had been overpaid by a settlement check, this court acknowledged that defendant's failure to notify the plaintiff of its own mistake is not a material misrepresentation. Nevertheless, the court went on to hold "mere concealment will support an action for fraud if done in such a manner as to deceive and mislead. OCGA § 51-6-2 (a). Also, though it not be actual fraud, constructive fraud may arise out of any act of omission or commission, contrary to legal or equitable duty, trust or confidence justly reposed, which is contrary to good conscience and operates to the injury of another; and constructive fraud may moreover be consistent with innocence and not smacking with moral guilt. OCGA § 23-2-51. The particular circumstances of a case may give rise to a duty to disclose, violation of which might be fraud (§ 23-2-53), as might be any unfair way used to cheat another (§ 23-2-56) and being

in itself subtle, fraud may be proved by slight circumstances. OCGA § 23-2-57." Id. at 844-845 (2). Defendant argues he breached no duty to plaintiffs because he was no longer an employee of Electrolux Corporation at the time the overpayment was sent to him and therefore owed no duty to plaintiffs. We cannot say as a matter of law, however, that a duty to disclose did not arise out of the particular circumstances of the case or that the jury could not find a violation of the duty to disclose in this case. Moreover, contrary to defendant's argument, the court in *Graham* concluded that a plaintiff may recover for fraud even if the mistaken overpayment was made as a result of the plaintiff's own negligence if the circumstances give rise to a duty of the defendant to disclose the mistake. Id.

3. Defendant also objects to admission in evidence of two of plaintiffs' exhibits on the ground that plaintiffs failed to lay a proper foundation for them under the business records exception to the hearsay rule. Even if no proper foundation was laid, the admission of Plaintiffs' Exhibit 2 was not reversible error since it is a form indicating only that defendant "quit" his job in March of 1984. Although defendant testified he did not quit his job but only requested a transfer, he admitted he was unemployed for several months after his move to North Carolina until the company offered him a position there and that he applied for unemployment compensation. Thus, the form indicating defendant "quit" was, in essence, consistent with defendant's own testimony that he was not employed for a period of several months and was no more prejudicial to defendant's assertions concerning his understanding of the purpose of the $39,000 check than his own testimony. Even if plaintiffs failed to lay a proper foundation for Exhibit 6 its admission was in no way reversible error because it merely showed that defendant had enrolled in the pension plan in 1979 and was "appt mgr on 9/19/84." Defendant admitted he assumed a managerial position with the corporation in North Carolina in September of 1984.

4. We have examined the entire charge to the jury and conclude that the trial judge correctly and adequately instructed the jury on the law of money had and received and the law of actual and constructive fraud. Thus, we find no error in the trial court's failure to charge those five of the instructions requested by defendant which defendant raises as error on appeal.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 24, 1991 —
RECONSIDERATION DENIED NOVEMBER 27, 1991.

*Barry L. Zimmerman*, for appellant.

*Powell, Goldstein, Frazer & Murphy, Robert F. Dallas*, for appellees.